At a Court of Oyer and Terminer held at this term, Samuel Townsend, a negro boy, sixteen or seventeen years of age, was indicted and tried for the murder of Peter Young, a negro boy some older and larger than he, of the first degree, in the town of Frederica, on the night of the 24th of December preceding. There were two counts in the indictment, the first charging him with having committed it by hitting him on the left side of the head with a brickbat, and the other by having hit him with a black-jack loaded with lead. They had been fighting, and had been separated by a third person, soon after which the prisoner was seen to cross over to the side of the street on which the deceased was standing, and passing round behind and to the left side of him, and when two or three feet from him was seen to strike him with something on the left side of his head, and knocked him down. The prisoner soon after said to the witness, it was a brickbat, but it was too dark for the witness to see what it was he struck him with, but the blow produced a dull, heavy sound, and a cut and bruise through the skin of the temple about two inches in length. The deceased soon recovered his feet and remained moving about the town for some time afterwards *Page 338 
without suffering any serious pain or inconvenience from the blow, apparently, and his mother testified that when he came home that night his head was hurt and bloody, and she washed the wound in cold water the next morning, and did the same every day during the week. At first it ran blood only and all the time, but towards the end of the week it began to run white and watery matter, and on Saturday night just one week after he had received the blow, he came home crying and said his head ached as if it would burst. Sunday he became unconscious, and lingered until the following Wednesday, when he died. The postmortem examination on the Coroner's inquest, disclosed that the wound was on the left side of the head, back and above the temple, and was bruised and contused and somewhat ragged on its edges, that the skull was fractured an inch and three-quarters in length, and a portion of the skull was slightly depressed by it, and the brain and other matter was suppurating from it. The inflammation which ensued was the cause of his death. The physician further stated that he would hardly have thought that it could have been made by a brickbat, and that he saw the prisoner in the fall preceding at work making a black-jack or billet out of a piece of whip and a piece of lead weighing as much as a quarter of a pound; and the fracture might have been more readily made with such an implement. It might also possibly have been made by the deceased's falling when knocked down, with the side of his head against a sharp edge of a stone, or some other hard substance.
The Attorney General has conceded that this is not a case of murder of either degree, but contends that it is nevertheless "a case of manslaughter, which is the lowest grade of felonious homicide, and if it is not that, then the prisoner must be acquitted under the indictment. Nothing short of imminent peril to his life or person can justify or excuse one person in killing another, even though they are fighting together at the time, and the other is the aggressor and the assailant in it; and in every such case in which the killing is done without the necessity of doing it in order to save his own life, or his own person from great and impending injury from the other party at the time, it cannot amount in law to less than manslaughter, and in no case to excusable or justifiable homicide.
But as the Court has been asked to charge you by the counsel for the prisoner, on another point presented by him in the case, the Court will say to you that if the deceased's *Page 340 
skull was fractured, not by a blow of some kind inflicted by the prisoner, but by his falling after he was struck by him, with his head against a stone or some other hard substance in the street, and there is sufficient evidence to satisfy the jury that such was the case, then the prisoner could not be convicted of manslaughter or any other offense under the indictment, because it does not so allege the killing, but in a wholly different and in a much more direct manner. Or, if the fatal blow was given in any other method, or in other way substantially and essentially different from those alleged in the indictment, and the jury should entertain a reasonable doubt on that point, or of the guilt of the prisoner in manner and form as he stands indicted, he was entitled to the benefit of it, and should be acquitted.
 Verdict "Not guilty."